## JONES vs. FARLEY.

An agent having discretionary power to adjust and collect an unliquidated demand, settled it by taking a negotiable note payable to his principal, which he afterwards pledged as collateral security for a debt of his own. It was held that his authority did not extend so far as to justify the pledge; and that the pledgee, after demand and refusal, was liable in trover for the note. Held also, that any payments to the agent, made before notice of the termination of his authority, were good.

TROVER for a promissory note. It appeared, in a case stated by the parties, that the plaintiff *Theodore Jones*, in the autumn of 1825, having an unsettled account against one *Weston*, delivered it to one *John Jones*, for collection, who confided it to the defendant, a counsellor of this court. The defendant, in *November* 1826, succeeded in liquidating the claim by a negotiable promissory note for $143,43 payable to the plaintiff, which he still retained in his possession. He received all his instructions from *John Jones*, who had served his time with the plaintiff, and who considered himself entitled to appropriate the demand to his own use at pleasure, holding himself accountable to the plaintiff. On the 20th of *November*, a few days after this note was made, the defendant became the indorser of *John Jones* to the *Thomaston* bank, on a note at ninety days for $105 borrowed by *Jones*, who then pledged *Weston's* note to the defendant as collateral security against his liability. The note thus indorsed was ultimately paid by the defendant. On the 16th of *December*, *John Jones* wrote to the defendant, saying that he should be obliged to stop payment, and requesting the defendant to dispose of

*Weston's* note and apply the proceeds to his own protection against his liability to the *Thomaston* bank ; promising to make good any deficiency. And again on the 14th of *Jan.* 1827, he requested the defendant to get *Weston's* note discounted at the bank, and deduct thereout his demand against said *Jones.* The defendant, in the course of that winter and the ensuing spring, received some partial payments from *Weston,* and paid divers sums to the order of *John Jones* ; but had no intimation that the demand was not entirely under the control of *John Jones,* till the receipt of a letter from the plaintiff dated at *Athol* in Massachusetts, *Jan.* 11, 1828, after *John* had stopped payment, directing the defendant to pay over the amount of *Weston's* note, when collected, to the plaintiff's agent, Gen. *Estabrook* of *Camden.* On the 7th of *March* following, the note and money collected thereon were demanded of the defendant, who refused to comply with the demand.

About the latter part of *November* 1826, *John Jones* gave the plaintiff all the information he then possessed, respecting the business.

*Allen,* for the defendant, upon these facts, contended that *John Jones* was so far the agent of the plaintiff as to be entitled to receive the money ; and that the mode of receiving it was of no importance. All the transactions between him and the defendant were but modes of payment. The money taken from the bank may well be presumed to have been sent by *Jones* to the plaintiff, because it was his duty to have done so. This sum, with those paid by the defendant directly to the order of *John Jones,* amount to more than the note in question ; and the payments having been made before any notice to the defendant of the revocation of the agency, he ought to be protected. *Erick v. Johnson,* 6 *Mass.* 193.

*J. Thayer,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court.

It is evident, from the statement of facts, that the promissory note, for the conversion of which this action was brought, was then the

property of the plaintiff; and we must, in a case submitted as this is to our decision, consider the demand of the note, and the defendant's refusal to deliver it to *Estabrook*, as evidence of a conversion, entitling the plaintiff to maintain the action, unless the other facts agreed furnish a defence. Viewing all the circumstances we think there was authority given by the plaintiff to *John Jones* to settle the account with *Mr. Weston* in the manner above mentioned, with or without the assistance of the defendant. And that as the note taken on the settlement, was placed in his hands by the assent of *Jones* for collection, all sums collected and paid over to *John Jones*, were paid to him lawfully, and must be allowed to the defendant; but we are also of opinion that the agency of *Jones* did not authorize him to speculate on the note or appropriate it to his own use by pledging it to the defendant as security for his liabilities at the bank. This was no part of his duty, and that transaction could not bind the rights of the plaintiff; he had authority to reclaim the note at his pleasure; and the order which he drew in favor of *Estabrook* upon the defendant, and the presentment of it to him and the demand of the note by virtue of it, amounted to a revocation of the power he had given to *Jones* and consequently of the derivative authority of the defendant; it not appearing that he had any legitimate lien upon it. Our opinion therefore is that a default must be entered, according to the agreement of the parties, and judgment be rendered for the amount due on the note at the time of the demand and refusal. The parties will ascertain that sum, and the clerk is directed to enter the judgment accordingly.